UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT P. MURRAY,

Plaintiff,

Case No. 26-cv-2028-pp

v.

BRYAN D. KEBERLEIN, *et al.*,

Defendants.

---

**ORDER SCREENING COMPLAINT AND GIVING PLAINTIFF OPPORTUNITY TO FILE AMENDED COMPLAINT**

---

On October 30, 2026, the plaintiff, who is representing himself, filed a complaint alleging constitutional violations against twenty-four defendants. He has paid the requisite $405 filing fee. Most of the defendants named in the complaint are judicial officials, judicial staff and attorneys working for the Wisconsin Department of Justice. See Dkt. No. 1 at ¶¶33-43, 45-56. One of the defendants, Adam Fitzgibbon, is married to the plaintiff's friend, Elizabeth Fitzgibbon. Id. at ¶44.

For the reasons explained below, the court will dismiss the complaint and give the plaintiff an opportunity to file an amended complaint that complies with Federal Rule of Civil Procedure 8(a)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

## I. Screening the Complaint (Dkt. No. 1)

### A. Legal Standard

Regardless of whether a self-represented plaintiff has paid the filing fee, the court may "screen" a complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. See Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. . . . The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim." (citing 28 U.S.C. §1915(e)(2)(B))). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Complaint (Dkt. No. 1)

The plaintiff filed a fifty-two-page complaint with one hundred seventy-seven separately numbered paragraphs, many of which contain subparagraphs. The first thirteen pages of the complaint contain legal citations and legal arguments, which are not required in a complaint; as best the court can tell, in this section of the complaint the plaintiff has tried to think of all the possible defenses to his claims and rebut them. Pages 13-17 list the parties; several of the defendants are judges. Pages 17-25 describe "legal frameworks" under federal and Wisconsin law, identifying constitutional provisions or state statutes and case law. Pages 25-49 contain the plaintiff's "statement of facts;" this section is dense with detail, references to the state court record and references to state statutes. The remaining pages contain the plaintiff's reservation of rights, jury demand and prayer for relief. What the complaint does *not* contain is a brief few paragraphs explaining, without citations, what the plaintiff believes each defendant did to violate his rights, when they did it, how they did it and, if he knows, why they did it. Nor does the complaint state a "cause of action"—a section in which the plaintiff says, "I am suing this person [or these persons] under this constitutional provision for this conduct."

As best the court can tell, the gist of the plaintiff's factual claims appears to be that his friend Elizabeth Fitzgibbon is mired in a contentious and protracted divorce from her current spouse, Adam Fitzgibbon. See id. at ¶¶84-155. The plaintiff orally agreed to loan Ms. Fitzgibbon funds to enable her to pay for living expenses during her divorce proceeding. Id. at ¶83. It is not clear what the terms of the loan were, but the plaintiff seems to suggest that Ms. Fitzgibbon has not been able to repay the loan. Id. at ¶170. He also alleges that he cannot marry Ms. Fitzgibbon due to the defendants' actions. Id.

The legal basis, or bases, for his claims are even harder to pin down. He asserts that the case arises under 42 U.S.C. §§1983 and 1985(2-3), as well as "the doctrine of local government liability set forth in *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978) to redress the deprivation of rights secured by the Fourteenth Amendment and the conspiratorial obstruction of justice in state proceedings." Dkt. No. 1 at ¶14. So it appears that the plaintiff is alleging that the defendants, acting under color of state law, violated his Fourteenth Amendment rights (the §1983 claim) and that some of the defendants conspired to deny him his constitutional rights by obstructing justice or depriving him of certain rights and privileges (the §1985 claim). But the Fourteenth Amendment has five sections; Section 1 alone contains several prohibitions, including the prohibition against a state depriving anyone of life, liberty or property without due process and the prohibition against a state denying a person equal protection of the laws. The plaintiff does not explain

which of the Fourteenth Amendment's protections he believes the defendants violated, or how.

Further confusing the issue is that under a section titled "Legal Framework (U.S. Federal)," id. at page 17, the plaintiff lists a number of legal authorities—18 U.S.C. §4, which prohibits misprision of a felony; Article 1, §10, cl. 7 of the Constitution, which, among other things, denies states the power to pass laws impairing the obligation of contracts; Article 1, §10, cl. 6 regarding *ex post facto* laws; the Fifth and Fourteenth Amendment equal protection clauses; the Fifth and Fourteenth Amendment due process clauses; caselaw regarding freedom of association/marriage; and cases regarding what the plaintiff says is the right of parents to direct the development of their children. It is not clear whether the plaintiff believes that he has a cause of action under each of these statutes/constitutional provisions/lines of cases. (He does not have a cause of action under 18 U.S.C. §4; that is a criminal statute. "The government, not private citizens, prosecutes crimes. A private citizen cannot sue for damages under a criminal statute unless Congress provides for a private right of action." Dobek v. United States, 340 F. Supp. 3d 756, 781 (E.D. Wis. 2018) (citing Universities Research Ass'n, Inc. v. Coutu, 450 U.S. 754, 770 (1981)).)

Throughout the complaint, the plaintiff purports to "incorporate" all the filings in three other cases pending in this district into this case. The plaintiff may not do so. His complaint must be complete in itself, without referring the court to other cases or other filings. The plaintiff says he is incorporating the

filings in the other cases "for brevity," yet he still filed a prolix complaint that contains unnecessary and premature legal arguments but is short on explanations of what the plaintiff believes the defendants did to violate his rights, and which rights he believes they violated.

C. Analysis

Federal courts are courts of limited jurisdiction. A federal court can consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also can consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. See 28 U.S.C. §1332. Federal courts cannot consider and decide lawsuits that involve violations of state law, unless the plaintiff and the defendant live in two different states, or unless the state-law claims relate to a federal claim.

Federal courts also are courts with finite judicial resources to devote to the hundreds of cases on their dockets. Rule 8(a) requires "parties to make their pleadings [such as complaints] straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Though length alone is not a sufficient reason for a court to dismiss a complaint, "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter[;] . . . length and complexity may doom a complaint by obfuscating the claim's essence." Id. (citations omitted).

Due to the length, surplusage and confusing nature of the plaintiff's complaint, the court will dismiss the complaint and allow the plaintiff, if he so chooses, to file an amended complaint that complies with Rule 8's requirement that a pleading set forth a short and plain statement of the claim. See Fed. R. Civ. P. 8(a)(2). The court will send the plaintiff a blank amended complaint form. The plaintiff must write the case number for this case—26-cv-2028—on the first page of the amended complaint. The plaintiff must explain what actions each defendant took against him, when each defendant took those actions, why the plaintiff believes that the defendant took those actions and how that defendant's actions harmed the plaintiff. The plaintiff should not include legal arguments or case citations; he should include citations to statutes or constitutional provisions only if he is asserting a claim under those statutes or provisions. The amended complaint must be complete in itself. The plaintiff cannot incorporate other cases or filings by simply stating that he is doing so, nor may he refer the reader to other cases or filings. The plaintiff should be able to succinctly state the facts and his causes of action in five or less double-spaced pages.

There also appear to be substantive issues with the current complaint. The most salient issue is that his claims appear to be derivative of the constitutional claims that Ms. Fitzgibbon[1] asserted in three separate cases she filed in this district. See Fitzgibbon v. Keberlein, *et al.*, Case No. 26-cv-23 (E.D.

[1] The plaintiff references case numbers—"26-CV-23, 26-CV-625, 26-CV-1376," dkt. no. 1 at 2, but he does not mention that the plaintiff in those cases is Elizabeth A. Fitzgibbon.

Wis.); Fitzgibbon v. Keberlein, *et al.*, Case No. 26-cv-625 (E.D. Wis.); Fitzgibbon v. Keberlein, *et al.*, Case No. 26-cv-1376 (E.D. Wis.).[2] On August 17, 2026, Judge Conway issued a decision dismissing Ms. Fitzgibbon's constitutional claims. Id. at Dkt. No. 32. Judge Conway dismissed her constitutional claims on several grounds, principally because federal courts do not have the authority to upset or undo, directly or indirectly, state court decisions. See id. at 10-12, 20-21 (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 416 (1923)). The Rooker-Feldman doctrine (which the plaintiff mentions in his complaint in an attempt to argue that it does not bar his claims) deprived the court of jurisdiction over most of Ms. Fitzgibbon's constitutional claims because her divorce had resulted in a final judgment that was affirmed on appeal. See id. at 5-7; see also, Fitzgibbon v. Fitzgibbon, Case No. 2023AP611, 2024 WL 2746703 (Wis. Ct. App. May 29, 2024). Due to Ms. Fitzgibbon's self-represented status, Judge Conway gave her the opportunity to amend her complaint to try to allege a viable federal claim. Id. at 23-24.

Though the Rooker-Feldman doctrine does not apply to the plaintiff because he was not a party to the Fitzgibbons' divorce proceeding—see Lance v. Dennis, 546 U.S. 459, 464-66 (2006) (explaining that the Rooker–Feldman doctrine is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding")—a plaintiff generally

---

[2] These cases since have been consolidated. See Fitzgibbon v. Keberlein, *et al.*, Case No. 26-cv-23, Dkt. No. 33.

cannot base a constitutional claim on the rights of third parties. This principle often is described as the plaintiff's standing to sue. The Supreme Court has explained that "the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 499 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). Though a plaintiff may have an alleged injury, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id.

Here, the plaintiff's claims are separate from Ms. Fitzgibbon's claims. What the plaintiff alleges in the complaint can best be described as incidental or indirect effects. He maintains that because of things that happened in the divorce proceedings, Ms. Fitzgibbon has not repaid the loan he orally agreed to provide and he is barred from marrying her. Government action that imposes indirect or incidental effects on a third party does not constitute a due process violation as to that third party. See O'Bannon v. Town Court Nursing Ctr., 447 U.S. 773, 788-89 (1980) ("[T]he due process provision of the Fifth Amendment does not apply to the indirect adverse effects of governmental action."); see also Dialysis Ctrs., Ltd. v. Schweiker, 657 F.2d 135, 139 (7th Cir. 1981) (rejecting plaintiff's argument that its interest in retaining its federal provider number gave rise to a constitutional right to intervene against agency action indirectly adverse to its financial interests). Though the plaintiff alleges facts regarding

how the defendants' actions affected Ms. Fitzgibbon in her divorce, the plaintiff has not described the "who, what, when, where and how" of what the defendants did *to the plaintiff* or how *his* constitutional rights were violated. The indirect or incidental effects the plaintiff has alleged are insufficient to state a claim as to *him*.

The court also has observed that several of the defendants the plaintiff has sued are judges. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) (citing Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006); John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990)). The plaintiff appears to be aware of this. He argues in the complaint that "[t]he *Trespasser Doctrine* strips all judicial and quasi-judicial immunity from all officials, court officers, court or county employees, and any other persons (e.g. private parties) who act without authority in creating or enforcing false Judgments and Orders, which are legal nullities." Dkt. No. 1 at ¶24. The term "Trespasser Doctrine" is not one that appears in the judicial immunity jurisprudence; regardless, a plaintiff who sues a sitting, validly-elected or appointed judge has an uphill battle, because to avoid judicial immunity, that plaintiff must show that the judge "acted in the absence of all jurisdiction."

## II. Conclusion

The court **ORDERS** that the complaint is **DISMISSED** for failure to comply with Fed. R. Civ. P. 8(a) and, as best the court can tell, failure to state a claim for which the court may grant relief.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint that complies with the instructions in this order. The plaintiff must file the amended complaint in time for the court to receive it by the end of the day on **December 11, 2026**. If the court does not receive an amended complaint (or a request for more time to file one) by the end of the day on **December 11, 2026**, the court may dismiss the case without further notice or hearing.

Dated in Milwaukee, Wisconsin this 19th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**